**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DAVID SURELL,
Petitioner,

v.

HARDEE SHEET METAL; LIBERTY

MUTUAL INSURANCE COMPANY;
DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

No. 96-2615

On Petition for Review of an Order
of the Benefits Review Board.
(No. 94-2373)

Submitted: April 17, 1997

Decided: May 1, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

E. Paul Gibson, Allison A. Stover, RIESEN LAW FIRM, L.L.P.,
Charleston, South Carolina, for Petitioner. Stephen E. Darling, SINK-
LER & BOYD, P.A., Charleston, South Carolina, for Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Surell appeals from the summary affirmance by the Benefits Review Board ("BRB") of the Administrative Law Judge's ("ALJ") denial of benefits under the Longshore and Harbor Workers' Compensation Act (the "Act"), 33 U.S.C.A. §§ 901 to 950 (West 1986 & Supp. 1996).**1** The ALJ denied Surell's claim for temporary total disability benefits from October 20, 1989 (or February 6, 1990) until April 7, 1990.**2** Surell now contends that the ALJ erred by failing to apply the presumption of coverage in § 920(a). Because the presumption is inapplicable and because substantial evidence supported the ALJ's determination that Surrell was not totally disabled, we affirm.

Section 920(a) provides that "[i]n any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary--(a) That the claim comes within the provisions of this chapter." The presumption is one of "a causal connection between the injury to the employee and his working conditions." See Noble Drilling Co. v. Drake, 795 F.2d 478, 481 (5th Cir. 1986).

_____

**1** The BRB never addressed the merits of the appeal. On September 12, 1996, the BRB sent the parties a notice stating that pursuant to the provisions of Public Law Number 104-134, enacted on April 26, 1996, all appeals to the BRB relating to claims under the Act were deemed to have been affirmed if the case had been pending before the BRB for one year by September 12, 1996. Because Surell's appeal met these criteria, the BRB informed the parties that the ALJ's decision had been effectively affirmed by the BRB on September 12, 1996, for purposes of their rights to obtain review in the court of appeals.

**2** Surrell alternatively argues that if he is not entitled to temporary benefits from October 1989 (the date he stopped working as a welder), then he is at least entitled to benefits from February 1990 (the date he began receiving "active medical care").

2

Here, Surell's injury and its relation to his employment is uncontested. The contested issue is whether the injury totally disabled Surrell for the relevant time period, and as such, the presumption in § 920(a) is inapplicable. Instead, Surrell bears the burden to show that his disability prevented him from performing his regular employment. See Newport News Shipbuilding v. Director, OWCP , 592 F.2d 762, 765 (4th Cir. 1979). Surell asserts that the medical reports of Dr. Timothy Wagner and his own testimony regarding his pain satisfied his burden of proof. We disagree.

Surell injured his neck and head in May 1989. He immediately returned to work and continued working as a welder until October 1989.[3] At the time he stopped working, he had not been treated for his condition since he saw Dr. Byron Williams in June 1989. Dr. Williams advised Surell that he could return to all activities. Surell saw Dr. Wagner in February 1990 and again in April 1990 (after he had already returned to work). Dr. Wagner never placed any physical restrictions on Surell's employment, and never suggested that Surell was unable to perform welding work. In fact, the only limitations Dr. Wagner ever set for Surell concerned his recreational weightlifting activities. During the time periods for which Surell seeks benefits and claims that pain prevented him from working as a welder, Surell only sought medical treatment once--in February 1990. Before and after that time period, Surell continuously worked as a welder, and since returning to welding in April 1990, he has received several raises and a promotion. Surell offered no medical evidence that his physical condition changed from May 1989, the date of his initial injury, to October 1989, the date of his decision to stop working as a welder, to April 1990, the date of his decision to return to welding.

Therefore, we hold that the ALJ's finding that Surell failed to meet his burden of showing that he was medically unable to work as a welder was supported by substantial evidence. See See v. Washington Metro. Area Transit Auth., 36 F.3d 375, 380 (4th Cir. 1994) (standard of review). Accordingly, we affirm. We dispense with oral argument

_____

[3] Although Surell testified that he stopped welding due to pain related to his injuries, he also admitted that welding work had slowed after Hurricane Hugo hit Charleston in September 1990 and that he was immediately hired as a hurricane damage estimator.

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4